Linda F. **STEELE**

v.

**L.F. ROTHSCHILD & CO., INCORPORATED.**

**No. 88 Civ. 0023 (LLS).**

United States District Court, S.D. New York.

April 4, 1988.

Jeffrey Liddle, Paul T. Shoemaker, Harley D. Diamond, Liddle & O'Connor, New York City, for plaintiff.

Catherine A. Ludden, Gaston & Snow, New York City, for defendant.

STANTON, District Judge.

Plaintiff sues under the Equal Pay Act, an amendment to the Fair Labor Standards Act, 29 U.S.C. § 206(d) (1976) ("FLSA") and New York Labor Law § 194 (McKinney's 1986), asserting that defendant paid her less than males with positions comparable to hers. As part of their former employment relationship, the parties agreed to arbitrate any controversy or dispute relating to the terms and conditions of plaintiff's employment.

The Federal Arbitration Act, 9 U.S.C. §§ 1–14 ("FAA"), requires enforcement of agreements to arbitrate statutory claims, unless the party opposing arbitration shows, either from the statute's text or legislative history or from "an inherent conflict between arbitration and the statute's underlying purpose," *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2337, 96 L.Ed. 2d 185 (1987), that Congress intended to preclude a waiver of the judicial forum.

Plaintiff does not argue that such an intent is deducible from the statute's text or legislative history, but points to *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981), as holding that arbitral tribunals are incompetent for resolution of the public law and policy considerations underlying the FLSA. *See id.* at 743–46, 101 S.Ct. at 1446–48. *Barrentine* gave two reasons for that conclusion: the risk that a union might decide not to support an employee's arbitration claim under a collective bargaining agreement (such as was presented there), and limitations on arbitrators' powers and procedures that might disable them from vindicating substantial statutory rights.

The first *Barrentine* rationale does not apply here. The second has been effectively discarded as a *ratio decidendi.* See *McMahon*, 107 S.Ct. at 2340, concluding that arbitral tribunals are readily capable of handling factual and legal complexities, do not restrict substantive rights, and may be expected to follow the law.

The Supreme Court having held that arbitral tribunals can appropriately handle federal antitrust claims arising from international commercial transactions, *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), and civil RICO and 1934 Securities Exchange Act matters, *McMahon*, plaintiff has not borne her burden of showing Congress intended to preclude them from hearing Equal Pay Act claims.

Pursuant to Section 3 of the FAA all further proceedings herein are stayed pending arbitration of the controversies forming the subject of this action.

So ordered.