**Tho Dinh TRAN, Plaintiff,**

v.

**Dinh Truong TRAN and the Alphonse Hotel Corp. d/b/a the Carter Hotels, and Jude Hotel Corp., d/b/a the Hotel Kenmore, Defendants.**

No. 91 Civ. 6818 (RPP).

United States District Court,
S.D. New York.

Aug. 17, 1993.

Randy A. Dusek, New York City, for plaintiff.

Lichtenberg & Ginach, P.C. by Daniel M. Isaacs, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action brought by Plaintiff Tho Dinh Tran ("Tran") for failure to pay back wages in which plaintiff alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206–207, breach of contract, fraud and unjust enrichment, as well as violations of New York Labor Law section 198. Defendant moves pursuant to Rule 56 of the Fed-

eral Rules of Civil Procedure for summary judgment dismissing plaintiff's claims. For the reasons set forth below, Defendants' motion for summary judgment is granted in part and denied in part.

### *BACKGROUND*

Defendant Dinh Truong Tran ("Truong") is the president and major stockholder of the defendant hotels, the Hotel Carter and the Hotel Kenmore, and exercised control over the daily operations and management of each hotel. Am.Compl. ¶ 12. In March 1982, plaintiff emigrated to this country from Vietnam by way of Hong Kong under the sponsorship of Truong. Three days after his arrival, plaintiff began working for defendant Hotel Carter under the supervision of Truong.

The Hotel Association of New York City, Inc. (the "Employer"), of which defendant hotels are members, and the New York Hotel and Motel Trade Council, AFL–CIO (the "Union") entered into a collective bargaining agreement on March 17, 1981 (the "1981 CBA"). The 1981 CBA was superseded and annulled by a collective bargaining agreement entered into by the Employer and the Union on June 26, 1985 (the "1985 CBA").[1] Each CBA "provides that any employee of a signatory to the [CBA] who works more than thirty days, automatically becomes a Union member, subject to" the CBA. Pl.'s 3(g) Statement ¶ 16. For purposes of this summary judgment motion the parties agreed at oral argument that as of April 1982 plaintiff became a member of the Union until 1985, and that his Union membership resumed in 1989.

During the term of his employment from 1982 to 1988 and in exchange for his work for defendant, plaintiff received room and board and $300 per week pay. According to plaintiff "room and board are not charged to employees of defendants whom [sic] live at the hotels of defendants." *Id.* ¶ 13.

Plaintiff worked for the defendants from March 1982 to June 1985, at which time he quit due to Truong's alleged refusal to pay plaintiff his full wages since 1982. Plaintiff alleges that upon his resignation he demanded his back wages from defendants. Am. Compl. ¶ 25.[2]

Defendant Truong is alleged thereafter to have made oral promises to plaintiff on behalf of Truong and the corporate defendants that defendants would pay him his full wages as well as all back wages due plaintiff as of 1982 if he returned to work for the defendant hotels. Plaintiff returned to work for defendants in December 1988 and was employed at the Hotel Carter. He remained an employee of defendants until July 1991. On or about July 4, 1991, however, Plaintiff again resigned his position as an employee of defendants on the ground that "defendants continued to breach their agreement to pay his back wages from 1982 to the present." Pl.'s 3(g) Statement ¶ 10.

Both section 15 of the 1981 CBA and section 26 of the 1985 CBA require arbitration of all disputes between the defendant employers, who are signatories of the CBAs, and employees of the defendants who are members of the Union. Both sections read as follows:

### COMPLAINTS, GRIEVANCES AND ARBITRATION

All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts[,] conduct or relations between the parties, directly or indirectly, which shall not have been adjusted, by and between the parties involved shall be referred to a permanent umpire to be known as the Impartial Chairman, and his decision shall be final and binding upon the parties hereto. Any such complaint, dispute or grievance shall in the first instance, be submitted to the Labor Manager who will be

---

**1.** Pursuant to section 57 of the 1985 CBA, the 1985 CBA superseded and annulled the 1981 CBA.

**2.** In his affidavit, defendant Truong claims that upon plaintiff's resignation from the Hotel Carter in June 1988, Truong loaned plaintiff a total of $175,000 to help plaintiff start a new business, but that plaintiff never repaid this loan.

appointed and employed by the [Employers' Hotel Association] to consider and adjust with a duly accredited representative of the Union, for their joint consideration and adjustment; if they agree, such decision shall be binding on the parties hereto. Should the matter not be resolved by the Labor Manager and the representative of the Union, it shall then be referred to the Impartial Chairman as aforesaid.

*See* Truong Aff. Ex. C.

There is no dispute that plaintiff did not attempt to grieve or seek to arbitrate his disputes with defendants as required by the 1981 and 1985 CBAs. *See* Tran Dep. at 101, Truong Aff.Ex. D. Instead, on October 10, 1991, plaintiff filed suit in Federal Court to recover back wages and punitive damages from defendants.

In his first claim for relief, which alone is brought under the FLSA, 29 U.S.C. § 206–207, plaintiff claims that he "performed work, labor and services for which schedules and rates of pay are provided for in the" CBAs, but that "Defendants have never paid plaintiff at any time in conformity with those schedules and rates of pay." Pl.'s 3(g) Statement ¶¶ 19–20. Specifically, plaintiff claims that defendants intentionally failed to pay any wages to plaintiff other than room, board and food for the period March 1982 to August 1985, made only partial payments to plaintiff from September 1987 to August 1990, and failed to pay any wages from September 1990 to July 1991. Am.Compl. ¶ 35. Plaintiff also alleges that he is entitled to recover for "vacation and holiday time or pay" which defendants were obligated to pay him "under the Collective Bargaining Agreement." *Id.*

In his second claim for relief, plaintiff claims that in December 1988 defendants promised plaintiff to pay all his back wages from 1982 if he resumed working for defendants, but that defendants failed thereafter to pay plaintiff his back wages and pay. *Id.* ¶¶ 40–41; Pl.'s 3(g) Statement ¶¶ 19–20.

In his third claim for relief, plaintiff further claims that defendants' promises to pay him his back wages and full pay thereafter if he returned to work for them constitute fraud because at the time these promises

were made defendants had no intention of abiding by them. Am.Compl. ¶ 44.

In his fourth claim for relief, for unjust enrichment, plaintiff claims that "Defendants have unjustly reaped the benefits from the work, labor and services performed for them by the plaintiffs [sic]." *Id.* ¶ 49.

In the fifth claim for relief, plaintiff alleges that defendants breached the CBAs by failing to pay plaintiff the wages owed him under the CBA, and by requiring "plaintiff to work longer hours than permitted under the Collective Bargaining Agreement, and impos[ing] harsh working conditions on plaintiff which were prohibited by the Collective Bargaining Agreement." *Id.* ¶ 58. Finally, count six of the amended complaint claims that defendants violated New York Labor Law § 198.

### DISCUSSION

Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party, *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

### I. STATE AND COMMON LAW CLAIMS

Defendants move to dismiss plaintiff's state law and common law claims, as well as certain of plaintiff's claim under the FLSA. In support of their motion for summary judgment dismissing plaintiff's state law and common law claims, defendants argue that (1) plaintiff failed to arbitrate the current dispute as required by the 1981 and 1985 CBAs, and therefore all of plaintiff's claims should be dismissed; and (2) plaintiff's state law claims are preempted by the FLSA. Because the Court finds that plaintiff failed to utilize the Union grievance and arbitration

procedures provided in the CBA, it need not address the issue of preemption or any remaining issues.

It is well-settled that "[a]s a general rule in cases in which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). Only when the union "refuses to press or only perfunctorily presses the individual's" state law or common law claim "may the claimant seek other forms of redress." *Id.; see Drywall Tapers & Pointers Local 1974 v. Local 530*, 954 F.2d 69, 77 (2d Cir.1992). But unless the collective bargaining agreement between the employee's union and his employer provides otherwise—for example, by stating expressly that arbitration is not the exclusive remedy at court—"there can be no doubt that the employee must afford the union the opportunity to act on his behalf." *Id.*

The general rule requiring employees first to exhaust the modes of redress provided by a collective bargaining agreement before suing in federal court serves several purposes. First, it advances the union's interest in prosecuting employee grievances, enhances the union's prestige with employees, and "complements the union's status as exclusive bargaining representative by permitting it to participate actively in the continuing administration of the contract." *Id.* 379 U.S. at 653, 85 S.Ct. at 616. Second, it serves the employer's interests "by limiting the choice of remedies available to aggrieved employees." *Id.* Third, the rule provides both the union and the employer with a "uniform and exclusive method for orderly settlement of employee grievances." *Id.*

Accordingly, absent a showing that the aggrieved employee has attempted to resort to grievance and arbitration procedures as provided by a collective bargaining agreement, the employee is precluded from instituting a suit in federal court to recover pay and other damages arising out of disputes covered by the agreement. *See United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 370–71, 98 L.Ed.2d 286 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute"). Moreover, because this case involves a collective bargaining agreement that implicates labor policies, *see Republic Steel*, 379 U.S. at 653, 85 S.Ct. at 616–17, it is to be contrasted from those cases in which a party seeking arbitration must move to compel arbitration based on an arbitration clause contained in an ordinary, non-labor commercial agreement. *See Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir.1985); *Com-Tech Assoc. v. Computer Assoc. Int'l, Inc.*, 938 F.2d 1574, 1576 (2d Cir.1991).

Plaintiff acknowledges that he did not attempt to utilize the grievance and arbitration procedures required to be pursued as the exclusive modes of preliminary redress under section 26 of the 1985 CBA and section 15 of the 1981 CBA. All of plaintiff's state law and common law claims are covered by the grievance and arbitration procedure contained in the CBAs. These claims either "directly or indirectly" arise out of the "acts, conduct or relations between" plaintiff and defendants or involve the "application of [a] clause" contained in the CBAs. *McKee v. Transco Products, Inc.*, 874 F.2d 83, 87 (2d Cir.1989) ("Because the federal policy in favor of private dispute resolution is so strong, there is a presumption of arbitrability that is particularly applicable when the governing labor agreement contains a broad arbitration clause"). Under the doctrine announced in *Republic Steel*, plaintiff is precluded from bringing an action in the federal court asserting these state law and common law claims. *Republic Steel*, 379 U.S. at 657, 85 S.Ct. at 618–19; *Tombrello*, 763 F.Supp. 541, 544 (N.D.Ala.1991) (state law claims may be preempted by Section 301 of the LMRA, 29 U.S.C. § 185, if they are for "violation of a collective bargaining agreement").

Accordingly, defendants' motion for summary judgment dismissing plaintiff's state law and common law claims is granted.

## II. *FLSA*

The first cause of action is the only cause of action that includes plaintiff's FLSA claims. Section 206 of the FLSA requires the payment of a minimum wage; section 207 prescribes a maximum work week of forty hours.

### *29 U.S.C. § 206*

■ Defendants argue that they are entitled to summary judgment on plaintiff's claim under § 206 of the FLSA claim if plaintiff fails to account for the amount of wages he received in gratuities. This argument is inappropriate on a motion for summary judgment, and is relevant to damages, not liability. Plaintiffs agree, in any event, that the tips received by plaintiff in the course of his employment with defendants may be offset from any damages assessed against defendants pursuant to § 206.

### *29 U.S.C. § 207 Claim*

■ Claims under § 207 of the FLSA do not apply to employees with workweeks of forty or fewer hours. Plaintiff admitted to having worked only forty hour workweeks in 1991, *see* Def. Notice of Motion, Ex. B, and therefore he cannot recover overtime compensation under § 207 of the FLSA for 1991. Because defendants have not provided records of the hours plaintiff worked in years prior to 1991, defendants' motion for summary judgment as to the years from 1982 through 1990 is denied.

### *Vacation and Holiday Pay*

■ Plaintiff is not entitled to payment for vacation or holidays under 29 U.S.C. § 216, which states that an employer who violates the FLSA shall be liable to its employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." Plaintiff alleges that holiday and vacation pay are provided for in the CBAs. Am.Compl. ¶ 35. He may seek to recover such holiday and vaca-

tion pay by arbitrating his dispute as required by the CBAs. Accordingly, defendants' motion for summary judgment to dismiss plaintiff's claims for holiday and vacation pay pursuant to 29 U.S.C. § 216 is granted.

### *Punitive Damages*

Plaintiff concedes that punitive damages are not available for plaintiff's first cause of action under § 206 and § 207 of the FLSA and are barred. Accordingly, defendants' motion for summary judgment as to plaintiff's claim for punitive damages based on § 206 and § 207 is granted.

### *Standby Time*

Defendants move to dismiss plaintiff's claims to the extent they seek to recover for stand-by time, that is, the period during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes. *See* 29 C.F.R. § 785.16(a) (1993). Such a period does not constitute hours worked for which the employee may be compensated. Plaintiff has denied that he was given any stand-by time, and defendants have introduced no evidence to the contrary. Accordingly, defendants' motion for summary judgment on this basis is denied.

Counsel for both parties are ordered to submit by September 6, 1993, memoranda addressing the issue of whether plaintiff's remaining claims under the FLSA are affected by the arbitration clause contained in the CBAs.

### *CONCLUSION*

For the foregoing reasons, defendants' motion for summary judgment is granted in part and denied in part.

All counsel are to attend a pretrial conference on September 20, 1993 at 9:00 a.m. in courtroom 302.

IT IS SO ORDERED.