54 F.3d 115
 149 L.R.R.M. (BNA) 2350, 63 USLW 2712,
130 Lab.Cas. P 33,229,
2 Wage & Hour Cas.2d (BNA) 1156
 Tho Dinh TRAN, Plaintiff-Appellant,
v.
Dinh Truong TRAN; The Alphonse Hotel Corp., d/b/a The
Carter Hotels; Jude Hotel Corp., d/b/a The Hotel
Kenmore, Defendants-Appellees.
The ALPHONSE HOTEL CORP., Counter-Claimant,
v.
Tho Dinh TRAN, Counter-Defendant.
 No. 1323, Docket 94-7994.
 United States Court of Appeals,
Second Circuit.
 Argued March 21, 1995.
Decided May 5, 1995.
 
 Ronald Cohen, New York City, for plaintiff-appellant.
 Alan H. Lichtenberg, New York City (Lichtenberg & Ginach) for defendants-appellees.
 Before: McLAUGHLIN and JACOBS, Circuit Judges, and KAUFMAN, District Judge.*
 FRANK A. KAUFMAN, District Judge:
 The undisputed facts indicate that plaintiff (appellant) is a Vietnamese immigrant who entered the United States under the sponsorship of defendants (appellees). Plaintiff, a member of a union with which defendants are bound by a collective bargaining agreement, alleges that defendants failed to pay to plaintiff, an employee of defendants between the years 1982-88, wages as required by their contractual undertakings with plaintiff and by New York state statutory and common law, as well as under federal statutory command pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et. seq. In addition, plaintiff unsuccessfully sought in the district court to amend his complaint to state an additional cause of action under the federal Labor Management Relations Act (LMRA), Sec. 301, 29 U.S.C. Sec. 185(a). In an opinion filed August 17, 1993, the district court granted summary judgment for defendants as to each and all of the state and common-law claims of plaintiff on the grounds that plaintiff had failed to seek to arbitrate those claims. Tran v. Tran, 860 F.Supp. 91 (S.D.N.Y.1993). For the same and other reasons, in an opinion filed March 3, 1994, the district court dismissed certain of plaintiff's FLSA claims and denied plaintiff's motion for leave to amend his complaint to state a cause of action under Sec. 301 of the LMRA.[1] Tran v. Tran, 847 F.Supp. 306 (S.D.N.Y.1994). In that latter opinion, the district court indicated clearly that defendants had not waived their right to raise and pursue the contention that plaintiff had not appropriately exhausted the arbitral process.[2]
 In the within appeal, plaintiff challenges the district court's rulings that defendants did not waive arbitration by anything which occurred before or during the course of the litigation before the district court; that there are disputed facts which should have prevented the district court from granting summary judgment with respect to some or all of plaintiff's claims; and that plaintiff has been completely deprived of a remedy as a result of the totality of the district court's rulings.
 While the plaintiff, in several briefs filed in this Court, has argued that defendants waived arbitration, plaintiff has not, in such briefs, specifically faced the issue of whether or not he was required to seek arbitration, under the collective bargaining agreement, of his FLSA claims before seeking relief under that Act in this case. However, that question was explicitly raised by the district court in its August 17, 1993 opinion, and counsel were asked in that opinion to submit memoranda addressing the issue of whether certain claims under the FLSA were subject to prior arbitration.[3] Subsequently, the district court held that plaintiff had failed to utilize the required arbitration procedure. Accordingly, in this appeal, we reach the question of whether plaintiff was so required to seek arbitration before proceeding to present, in the district court, the merits of his FLSA claims. For the reasons set forth in this opinion, we reverse and remand.
 * In Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981), Justice Brennan, writing for himself and six other members of the Supreme Court, concluded that the fact that the plaintiffs had unsuccessfully submitted their claims for violations of the FLSA, pursuant to the grievance and arbitration provisions of the applicable union contract, did not preclude those employees from subsequently pressing their FLSA claims in federal district court. In Barrentine, the Supreme Court wrote that the LMRA "was designed to minimize industrial strife and to improve working conditions by encouraging employees to promote their interests collectively," 450 U.S. at 739, 101 S.Ct. at 1444 (emphasis in original), while "the FLSA was designed to give specific minimum protection to individual workers." Id. at 739, 101 S.Ct. at 1444 (emphasis in original). Also, in Barrentine, Justice Brennan included a reference, by way of a "Cf." to U.S. Bulk Carriers, Inc. v. Arguelles, 400 U.S. 351, 357, 91 S.Ct. 409, 412, 27 L.Ed.2d 456 (1971): "(seaman may assert wage claim in federal court under the Seaman's Wage Act, 46 U.S.C. Sec. 596 [46 USCS Sec. 596], even though he had not previously pursued arbitral remedies provided by contractual grievance procedures)." Barrentine, 450 U.S. at 738, n. 12, 101 S.Ct. at 1443, n. 12. In Arguelles, Justice Brennan and two other members of the Court joined Justice White's dissent to the majority opinion in that case, written by Justice Douglas on behalf of himself and four other members of the Court. In so doing, the dissenters explained the view that nothing in the underlying statute justified non-use of the grievance and arbitration procedures of the underlying union contract. Arguelles, 400 U.S. at 374, 91 S.Ct. at 421. In Barrentine, Justice White was one of the members of the Court who joined in Justice Brennan's majority opinion. The district court in this litigation, in its March 3, 1994 opinion, assigned what amounts to a narrow reading of Barrentine, citing to and relying upon Steele v. L.F. Rothschild & Co., 701 F.Supp. 407, 408 (S.D.N.Y.) (quoting Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 227, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987)), appeal dismissed, 864 F.2d 1 (2d Cir.1988) and Marshall v. Coach House Restaurant, Inc., 457 F.Supp. 946 (S.D.N.Y.1978). See Tran v. Tran, 847 F.Supp. at 309. However, in this Court's view, Barrentine may not be so read. In Barrentine, the Supreme Court reversed the determination of the district court, which had been affirmed by the Eighth Circuit, even after the grievance and arbitration procedures had been unsuccessfully utilized by the plaintiffs, and held that the federal district court should still reach the merits of the plaintiffs' federal wage hour claims. See 450 U.S. at 745-46, 101 S.Ct. at 1447-48. Subsequently, in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), Justice White, writing for himself and six other members of the Court, with a dissent by Justice Stevens, joined in by Justice Marshall, emphasized that in Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), "the issue was whether a discharged employee whose grievance had been arbitrated pursuant to an arbitration clause in a collective-bargaining agreement was precluded from subsequently bringing a Title VII action," Gilmer, 500 U.S. at 33-34, 111 S.Ct. at 1656, and that Gardner-Denver related to a situation in which " 'the interest of the individual employee may be subordinated to the collective interests of all employees in the bargaining unit.' " Id. at 34, 111 S.Ct. at 1656 (citing Gardner-Denver, 415 U.S. at 58, n. 19, 94 S.Ct. at 1024, n. 19). By way of contrast, Justice White noted that Barrentine and McDonald v. West Branch, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), raised statutory claims involving principally "individual statutory rights." Gilmer, 500 U.S. at 35, 111 S.Ct. at 1657. There is nothing in Gilmer which appears to throw anything but favorable light upon the continuing authority of Barrentine. As to McDonald, it deals with a claim under 42 U.S.C. Sec. 1983. Therein Justice Brennan wrote: "The question presented in this Sec. 1983 action is whether a federal court may accord preclusive effect to an unappealed arbitration award in a case brought under Sec. 1983." 466 U.S. at 285, 104 S.Ct. at 1800. Citing to and discussing Gardner-Denver and Barrentine, Justice Brennan answered the above set forth question in the negative, and in so doing, reversed the Sixth Circuit's contrary view. Id. at 288-89, 104 S.Ct. at 1801-03.
 
 
 1
 In the light of Barrentine and its renewed vitality under Gilmer, this Court hereby reverses the holding below of the district court as set forth in the latter's March 3, 1994, opinion "that the plaintiff was required to exhaust his arbitral remedy prior to filing" his FLSA claims. Tran v. Tran, 847 F.Supp. at 309. Accordingly, the within case is hereby remanded to that court for further proceedings pursuant to this opinion in connection with plaintiff's FLSA contentions.
 
 II
 
 2
 With regard to all non-wage hour claims of plaintiff in this litigation, including plaintiff's state and commonlaw claims and plaintiff's attempt to amend his complaint to add a claim under Sec. 301 of the LMRA, the holdings of the district court are hereby affirmed. Thus, it is the view of this Court that all claims of plaintiff other than those stated under the FLSA should have been the subject of a timely demand under the arbitration clause of the applicable union contract. But in so far as the wage hour claims of plaintiff are concerned, plaintiff was not required to seek grievance and arbitration and was and is entitled to have those claims considered on the merits in the district court. In that latter regard, it is noted, however, that in its August 17, 1993, opinion, the district court specifically considered the merits of certain of plaintiff's claims under the Fair Labor Standards Act and entered rulings with regard to them on grounds other than those related to arbitration. See Tran v. Tran, 860 F.Supp. at 96. Those determinations by the district court are hereby affirmed.
 
 III
 
 3
 In the light of this Court's within opinion and its reliance upon Barrentine and Gilmer, plaintiff will now have the opportunity to proceed on the merits in the court below in connection with certain of plaintiff's wage-hour claims, despite the refusal, discussed supra, in this opinion, of the union to demand arbitration of the merits of any of plaintiff's contentions in this litigation because of the lapse of time. Further, this Court also notes that, as stated by the district court in the next to the last paragraph of its March 3, 1994, opinion, plaintiff may also be able to seek relief "in an action against counsel."
 
 
 4
 REVERSED AND REMANDED for further proceedings in the district court in accordance with this opinion.
 
 
 
 *
 Honorable Frank A. Kaufman, of the United States District Court for the District of Maryland, sitting by designation
 
 
 [1]
 After the district court rendered its August 17, 1993 opinion and before that court filed its March 3, 1994 opinion, plaintiff sought arbitration which the Union refused to pursue
 
 
 [2]
 Sec. 26 of the union contract of June 26, 1985, which was in force and effect in this case, provides:
 All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire to be known as the Impartial Chairman, and his decision shall be final and binding upon the parties hereto. Any such complaint, dispute or grievance involving an EMPLOYER member of the ASSOCIATION shall in the first instance, be submitted to the Labor Manager who will be appointed and employed by the ASSOCIATION to consider and adjust with a duly accredited representative of the UNION, for their joint consideration and adjustment; if they agree, such decision shall be binding on the parties hereto. Should the matter not be resolved by the Labor Manager and the representative of the UNION, it shall then be referred to the Impartial Chairman as aforesaid.
 
 
 [3]
 The court below, in its August 17, 1993 opinion, ordered both parties to file memoranda of law concerning certain of the FLSA issues. Defendants complied; plaintiff, however, simply moved to amend his complaint to include a Sec. 301 claim without briefing the FLSA-arbitration question