**Crispin CALDERON, et al., on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,**

**v.**

**Jim WITVOET, Sr., et al., doing business as J & B Vegetables, Defendants–Appellants.**

**No. 96–3893.**

United States Court of Appeals, Seventh Circuit.

Submitted April 11, 1997 *.

Decided April 23, 1997.

Vincent H. Beckman (submitted), Pasquale Lombardo, Legal Assistance Foundation of Chicago, Chicago, IL, Michael L. Dietchweil-

---

* This successive appeal was assigned to the panel that heard the previous appeal, see Operating Procedure 6(b), which is unanimously of opinion that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

er, Richard J. Casey, Labeau, Dietchweiler & Berz, Kankakee, IL, for Plaintiffs-Appellees.

Christopher W. Bohlen, Blanke, Norden, Barmann, Kramer & Bohlen, Kankakee, IL, for Defendants-Appellants.

Before CUMMINGS, BAUER, and EASTERBROOK, Circuit Judges.

PER CURIAM.

On remand following our prior opinion, 999 F.2d 1101 (1993), the district court held a jury trial. Plaintiffs prevailed on some claims under the Fair Labor Standards Act and state wage-payment laws, while defendants prevailed on claims under the Migrant and Seasonal Agricultural Worker Protection Act. Still other claims had been finally resolved in our opinion. As the prevailing parties under the FLSA, plaintiffs sought an award of attorneys' fees, which 29 U.S.C. § 216(b) authorizes.

■ The district court slashed plaintiffs' request by 50 percent and awarded approximately $61,000. Defendants say that this remains too high, but their brief does not contain the detailed analysis of billing records essential to call the district court's bottom line into question. Percentage reductions of the kind the district court used are not a good way to make adjustments for partial success, see Lenard v. Argento, 808 F.2d 1242, 1245 (7th Cir.1987), but the plaintiffs, who lost the most from the district court's meat-axe approach, have not appealed. Appellate review of fee calculations is deferential, Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir.1995), and we are not persuaded that the district court exceeded allowable bounds in making the award.

Defendants also challenge the award of some $9,000 in costs. Once again appellate review is deferential. The award is unexceptionable in the main, but two items from the bill of costs require additional comment.

■ First, the district court awarded, as costs, outlays for travel and related expenses by attorneys and paralegals. These expenses are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); Collins v. Gorman, 96 F.3d 1057 (7th Cir.1996). They are nonetheless reimbursable—but as part of the award for attorneys' fees, because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services. Missouri v. Jenkins, 491 U.S. 274, 285–89, 109 S.Ct. 2463, 2470–72, 105 L.Ed.2d 229 (1989); Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988).

■ Second, the district court included among the costs expenses plaintiff Daniel Gutierrez incurred in traveling from Texas to Illinois for trial. Section 1920 does not authorize this; neither does the theory of Missouri v. Jenkins, because the expense of a litigant's travel does not appear on an attorney's bill. According to plaintiffs, § 216(b) expands the category of costs. But the statute does not say so; it refers to "costs" without elaboration. To learn which expenses are taxable as "costs" a court must look elsewhere, and the only pertinent definition is in § 1920. Crawford Fitting holds that the judiciary may not expand its enumeration. Authorization to award attorneys' fees in a category of cases does not add to the list of allowable costs. West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); Bankston, 60 F.3d at 1257. Although Colunga v. Young, 722 F.Supp. 1479, 1488 (W.D.Mich.1989), directs defendants to reimburse plaintiffs for their travel expenses in a FLSA case, that decision is contrary to Crawford Fitting and West Virginia University Hospitals, neither of which it cited. We therefore disapprove the district court's conclusion in Colunga. The sixth circuit affirmed Colunga without published opinion, 914 F.2d 255 (1990) (table); its brief order (No. 89–2155, Aug. 31, 1990) shows that defendant contested the merits of the judgment against him but did not raise any issue concerning costs. Today's decision therefore does not depart from the law established in any other court of appeals.

The decision of the district court is affirmed, except to the extent it directs the

defendants to pay for Gutierrez's travel expenses, and the case is remanded for the entry of a costs award consistent with this opinion.