THO DINH TRAN, Plaintiff,

v.

DINH TRUONG TRAN and the Alphonse Hotel Corp., d/b/a the Carter Hotel, and Jude Hotel Corp., d/b/a the Hotel Kenmore, Defendants.

No. 91 CIV. 6818 RPP.

United States District Court,
S.D. New York.

April 16, 2001.

Mark C. Sternick, Forest Hills, NY, for Plaintiff.

Levy, Boonshoft & Spinelli, P.C., New York City by David M. Levy, for Defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

The following post-trial motions are before the Court: Defendants' motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e) and Loc. Civ. R. 6.3; Plaintiff's motion for attorneys' fees, pursuant to Fed. R.Civ.P. 54(d); and Plaintiff's motion to amend the pleadings, pursuant to Fed. R.Civ.P. 15(b).

### Background

Plaintiff initiated this action with a Verified Complaint filed on October 10, 1991, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 206–207 ("FLSA").[1] A lengthy and complicat-

---

1. In the original complaint, Plaintiff also alleged numerous state and common law claims. All of these claims, however, were dismissed in a previous opinion, *Tran v. Tran,* 860 F.Supp. 91 (S.D.N.Y.1993), and are not at issue here. In addition, Plaintiff made repeated attempts to amend his complaint to include a cause of action under the Labor Management Relations Act, but this Court consistently denied those motions. *Tran v. Tran,* No. 91 Civ. 6818(RPP), 1998 WL 19996 (S.D.N.Y. Jan.21 1998); *Tran v. Tran,* 847 F.Supp. 306 (S.D.N.Y.1994). At issue in the

ed procedural history followed, including counterclaims, numerous motions and cross-motions, orders to show cause, and stipulations. Plaintiff filed an Amended Verified Complaint on October 14, 1992. This Court dismissed Plaintiff's remaining claim under the FLSA on March 3, 1994. *Tran v. Tran,* 847 F.Supp. 306 (S.D.N.Y. 1994). Plaintiff appealed the dismissal, and on May 5, 1995, the Second Circuit reversed the judgment and remanded to this Court for further proceedings. *Tran v. Tran,* 54 F.3d 115 (2d Cir.1995). Plaintiff filed a Second Amended Complaint on February 9, 1998, which contained one claim for violation of FLSA and one claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[2] A bench trial was held before this Court from June 6 through June 9, 2000. Following the trial, this Court issued its Opinion and Order, finding that Defendants violated the FLSA and RICO and holding that Plaintiff was entitled to recover damages for his RICO claim, totaling $595,639.05, plus reasonable attorneys' fees.[3] *Tran v. Tran,* No. 91 Civ. 6818(RPP), 2000 WL 1099906 (S.D.N.Y. Aug.4, 2000). These motions followed.

**Discussion**

*I. Motion to Amend the Pleadings*

Plaintiff moves under Fed.R.Civ.P. 15(b) to amend his pleadings so that they conform to the evidence presented at trial. Defendants did not submit briefs in opposition to this motion, although the argu-

ments made in their motion for reconsideration could be construed as arguments opposing Plaintiff's motion.

Fed.R.Civ.P. 15(b) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

■■■ Under Rule 15 as interpreted by the Second Circuit, courts considering post-trial 15(b) motions must apply a two-prong test. *See Hillburn v. Maher,* 795 F.2d 252, 264–65 (2d Cir.1986); *Hamilton v. Accu–Tek,* 62 F.Supp.2d 802, 815–17 (E.D.N.Y.1999); *Sudul v. Computer Out-*

---

bench trial and on the motions now before the Court are only the claims under FLSA and RICO.

**2.** The Court is also in possession of a document labeled "Second Amended Verified Complaint," dated October 1, 1993. This version of the complaint does not appear to have been filed with the Court.

**3.** The Court found a violation of FLSA, totaling $45,098.35, which was doubled as liqui-

dated damages for a total of $90,196.70. The Court also found a violation of RICO, totaling $198,546.35, which was trebled to $595,639.05. (Both figures included a reduction for the room and board that Defendants provided Plaintiff.) The Court found that Plaintiff was not entitled to double recovery and thus held that Plaintiff could recover RICO damages and reasonable attorneys' fees, but not FLSA damages in addition.

*sourcing Servs., Inc.*, 917 F.Supp. 1033, 1041 (S.D.N.Y.1996). First, if the parties presented the evidence and tried the issues "by express or implied consent," the court must grant the motion to amend the pleadings. *See Ostano Commerzanstalt v. Telewide Sys. Inc.*, 880 F.2d 642, 646 (2d Cir.1989) ("Rule 15(b) is 'mandatory, not merely permissive,' in requiring that issues that are tried, though not raised in the pleadings, be treated as if they were raised in the pleadings." (quoting *SEC v. Rapp*, 304 F.2d 786, 790 (2d Cir.1962))). Second, if the parties objected to the evidence and did not consent to trying the issues, the court has the discretion to grant the motion to amend the pleadings and may do so if the amendment will not prejudice the opposing party and if the interests of justice require the amendment. *See Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94 (2d Cir.2000) (noting that a district court should grant post-trial motions to amend if it will not prejudice the opposing party); *Grand Light & Supply Co. v. Honeywell, Inc.*, 771 F.2d 672, 680–81 (2d Cir.1985) (noting that district courts have discretion to grant post-trial motions to amend and may do so if the opposing party will not be prejudiced).

Here, Plaintiff moves to amend his complaint so that his pleadings conform to his trial testimony on the subject of the number of hours that he worked while employed by Defendants. At trial, Plaintiff testified that he worked approximately thirteen hours per day, seven days a week from 1987 through 1990 and approximately nine hours per day, seven days a week in 1991. (Trial Tr. at 40–43, 58, 60–61, 67–68, 71–72, 74–75.) The Court found Plaintiff's testimony, which was corroborated at tri-

al,[4] to be credible and made the factual findings that, based on a preponderance of the evidence, Plaintiff worked ninety-one hours per week from 1987 through 1990 and worked sixty-three hours per week in 1991. *Tran v. Tran*, No. 91 Civ. 6818(RPP), 2000 WL 1099906, at *8 (S.D.N.Y. Aug.4, 2000). Plaintiff's original Verified Complaint and Second Amended Complaint are consistent with his trial testimony (Verified Compl. ¶¶ 15, 18 (alleging Plaintiff worked 116 hours per week); 2d Am. Compl. ¶ 17 (alleging Plaintiff worked "hours greatly in excess of maximum hours permitted by [the] CBA")), but Plaintiff's Amended Verified Complaint contains a paragraph that alleges Plaintiff worked only fifty-four hours a week from 1988 through 1991 (Am. Verified Compl. ¶ 30). Plaintiff's present counsel, who was also Plaintiff's trial counsel, was not the counsel who represented Plaintiff at the time when any of the complaints were filed; however, he argues that the deviation in the Amended Verified Complaint is an obvious error, perhaps even a typographical error. (Pl.'s Notice of Mot. to Am., Sternick Aff. ¶ 4.)

The number of hours that Plaintiff worked per week during his period of employment by Defendants was a central issue at trial. Both sides presented evidence and testimony on the subject. Plaintiff himself testified, as did two fellow employees who corroborated Plaintiff's testimony, and Defendants submitted records and documents that they claimed established Plaintiff's hours. Although the Defendants challenged the veracity of the Plaintiff's testimony, Defendants did not object to any of the evidence on Plaintiff's

---

**4.** Plaintiff's trial testimony was corroborated by: (1) Plaintiff's July 28, 1992 deposition (Pl.'s Notice of Mot. to Am; Ex. A); (2) Plaintiff's September 14, 1999 deposition (*id.*, Ex. B); (3) the trial testimony of Ngan Van Hoang, a fellow employee and a non-party

(Trial Tr. at 201); (4) the trial testimony of La Tran, a fellow employee and a non-party (*id.* at 377–78); and (5) Plaintiff's original Verified Complaint and Second Amended Complaint (Compl. ¶¶ 15, 18; 2d Am. Compl. ¶ 17).

hours, including Plaintiff's testimony, based on a failure to plead.

Applying the two-prong test, this Court finds that Defendants consented to the trying of the issue of the number of hours Plaintiff worked. Defendants did not object to Plaintiff's testimony or presentation of evidence on this issue, and they themselves presented evidence on the number of hours Plaintiff worked. Defendants cannot credibly argue that the issue was not tried, if not with their express consent, then with their implied consent. "Implied consent exists where the parties recognized during the trial that an unpled issue was being tried." *Hamilton*, 62 F.Supp.2d at 816. In addition, because Plaintiff's evidence on the number of hours worked conformed to his original Verified and to his Second Amended Complaint, Defendants cannot claim lack of knowledge or prejudice from Plaintiff's trying of the issue. Therefore, Plaintiff's motion to amend his pleadings in order to conform with the evidence presented at trial is granted.

## II. Motion for Reconsideration

Defendants move under Fed.R.Civ.P. 59(e)[5] and Loc. Civ. R. 6.3[6] for reconsideration of the Court's findings of fact and conclusions of law made at the bench trial and included in the resulting Opinion. Plaintiff opposes this motion on the grounds that the Court properly considered all of the evidence at the bench trial, made judgments on witness credibility and evidence reliability, and rendered an appropriate opinion and judgment. In addition, Plaintiff argues that if the Court grants his Rule 15(b) motion, Defendants' motion for reconsideration becomes moot because many of the inconsistencies that Defendants identify are then resolved.

■ Because "[t]he standards governing Rule 59(e) and Local Rule 6.3 are the same," *Davis v. Gap, Inc.*, 186 F.R.D. 322, 323 (S.D.N.Y.1999), *aff'd in part, vacated in part*, 2001 WL 321983 (2d Cir. Apr.3, 2001), cases citing either rule are applicable here. Motions for reconsideration are within "the sound discretion of the district judge." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 Charles Alan Wright, Arthur R. Mille, & Edward H. Cooper, Federal Practice & Procedure § 4478 at 790 (1981)). Likewise, "[t]o be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" *Eisemann v. Greene, M.D.*, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999)). Unless movants can show specific facts or decisions that

---

**5.** Fed.R.Civ.P. 59(e) provides, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

**6.** Loc. Civ. R. 6.3 states:

A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. The time periods for the service of answering and reply memorandum, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

the court overlooked, such motions are generally denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reach by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Further, a motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

■ In their motion papers, Defendants argue that the Court should reconsider its findings of fact as to six issues,[7] all of which were raised and fully litigated at trial, and they support their arguments by identifying six documents[8] that "were admitted into evidence during the trial, but which [Defendants] believe the Court may have inadvertently overlooked or ignored." (Defs.' Mot. to Recons., Levy Aff. ¶ 2.)

Defendants' arguments in support of the motion to reconsider simply rehash the issues that were litigated and decided at trial. These are exactly the sort of arguments that do not support a motion for reconsideration. *See Houbigant,* 914 F.Supp. at 1001. Defendants do not identify any evidence that this Court overlooked or misconstrued. Defendants presented all of the arguments that they now present at the trial. Contrary to Defendants' allegations, this Court was fully aware of any inconsistencies in Plaintiff's various complaints, and this Court made appropriate findings based on the totality of the evidence and the credibility of the witnesses.[9] Furthermore, Defendants point to no law or case of which this Court was unaware at the time of trial that would control any issue. Finally, in view of the decision to grant Plaintiff's motion to amend his complaint, Defendants' argument that the evidence and findings at trial were inconsistent with the pleadings

---

7. The Defendants argue the Court should reconsider its findings of fact as to the following issues: (1) the number of hours Plaintiff worked (Defs.' Mem. of Law in Supp. of Defs.' Mot. Under Fed.R.Civ.P. 59(e) and Rule 6.3 of the Local Civil Rules ("Defs.' Mem. in Supp. of Mot. to Recons."), at 2–6); (2) the amount of money Defendants paid Plaintiff (*id.* at 7–10); (3) Plaintiff's status as an independent contractor (*id.* at 10–11); (4) a receipt signed by Plaintiff that Defendants contend was a "release" of Defendants' obligations to pay Plaintiff (*id.* at 11–14); (5) the inadequacy of Defendants' records (*id.* at 14–17); and (6) miscellaneous union issues (*id.* at 17–19).

8. Defendants argue that the Court must have "inadvertently overlooked or ignored" the following documents, all of which were admitted into evidence at trial: (1) Plaintiff's Amended Verified Complaint; (2) Plaintiff's Affidavit of August 3, 1992; (3) Defendants' earnings records for Plaintiff for 1989–1990; (4) Plaintiff's Income Tax Form 1099 for

1991; (5) a receipt signed by Plaintiff dated July 29, 1991; and (6) an interim order from the Office of the Impartial Chairman. (Defendants attached all of these documents to their Notice of Motion.)

9. Defendants' argument that Plaintiff's Amended Verified Complaint is a binding and conclusive judicial admission that cannot be contradicted is wrong. Fed.R.Civ.P. 15 specifically allows for the amendment of pleadings before, during, and after trial. Based on the multiple complaints and the evidence at trial, it is clear that the allegation in ¶ 30 of the Amended Verified Complaint, which states the number of hours Plaintiff worked, was an error. Furthermore, the issue of Plaintiff's hours was one of the main issues at trial, and both parties submitted evidence, including testimony, about it. Defendants did not object to the evidence or testimony. The Court was fully aware of the inconsistency among the complaints and considered it in making its findings.

is moot. Accordingly, Defendants motion for reconsideration is denied in full.

### III. Motion for Attorneys' Fees

Plaintiff moves under Fed.R.Civ.P. 54(d)(2) and 58 for attorney fees.[10] Rule 54(d)(2) provides, "Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Because 29 U.S.C. § 216(b) specifically authorizes the payment of "a reasonable attorney's fee ... and costs of the action" for successful FLSA actions, and 18 U.S.C. § 1964(c) specifically authorizes the payment of "the cost of the suit, including a reasonable attorney's fee" for successful RICO actions, those statutes govern Plaintiff's motion for attorney's fees, not Fed. R.Civ.P. 54(d)(2).

In the August 2000 Opinion, the Court awarded Plaintiff reasonable attorney's fees and costs and ordered Plaintiff to submit the appropriate documentation to support a fee award. *Tran v. Tran,* 91 Civ. 6818(RPP), 2000 WL 1099906, at *16– *17 (S.D.N.Y. Aug. 4, 2000). Plaintiff submitted the documentation on September 7, 2000. Plaintiff requests an award for 439.88 hours worked[11] at a rate of $250 per hour, for a total award of $109,970, plus permission to request additional funds for the time spent preparing the fee application and responding to Defendants' motion for reconsideration. Plaintiff's request is divided into the following four sections: (1) hours worked by attorney Sternick between December 16, 1998 and the date of the motion papers, which are dated August 30, 2000, contemporaneously recorded (Pl.'s Notice of Mot. for an Order Awarding Counsel Fees ("Pl.'s Mot. for Fees"), Ex. A); (2) hours worked by attorney Sternick between September 18, 1997 and December 16, 1998, contemporaneously recorded (*id.,* Ex. B); (3) hours worked by attorney Sternick between November 27, 1996 and September 18, 1997, reconstructed after the fact (*id.,* Ex. C); and (4) hours worked by attorney Dusek (*id.,* Ex. D). Defendants raise a number of objections to the work in each classification, as well as to the rate requested by Plaintiff. Each classification will be considered separately.

#### A. Sternick's Hours Between December 16, 1998 and August 30, 2000, Contemporaneously Recorded

The first category consists of the hours worked by attorney Sternick between the dates of December 16, 1998 and August 30, 2000, which he contemporaneously recorded on his desktop computer using Amicus practice management software and PC Law Jr. timekeeping software. (Pl.'s Mot. for Fees, Sternick Aff. ¶ 5.) The total amount of hours in this category is 161.3.[12] Defendants object to the entries contained in this category on the ground that the itemized descriptions lack the detail and clarity necessary to award fees. Defendants also object to the entries that list commingled activities.

■ The district court has great discretion in awarding attorney's fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 437,

---

**10.** Plaintiff's motion is labeled, "Notice of Motion for an Order Awarding Counsel Fees under Rule 54(b)." Based on the text of the motion, which goes on to refer to Rule 54(d)(2), the reference to 54(b) appears to be a typographical error.

**11.** Plaintiff indicates the total number of hours worked is 422.60; however, the correct total, based on Plaintiff's own numbers, is 439.88.

**12.** Plaintiff lists the total number of hours as 161.5; however, the correct total, based on Plaintiff's own figures, is 161.3.

103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir. 1994). In order for the court to determine whether time spent on a claim was reasonable, the moving party must adequately describe entries so that the court is informed of the nature or subject of the work. *See Soler v. G & U, Inc.,* 801 F.Supp. 1056, 1060 (S.D.N.Y.1992) ("In order to evaluate the reasonableness of each time entry, the court must be informed of the purpose or subject matter of the work performed."). Although attorneys must record the general nature of their work, they need not include detailed descriptions of the exact work performed. "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. 1933. Furthermore, vague descriptions do not always preclude recovery. *See Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,* 970 F.Supp. 333, 342 (S.D.N.Y.1997) ("[W]here an attorney's time entries are vague, courts may attempt to decipher them by reference to 'the context in which these entries occur [to determine] what work was involved.'" (quoting *Lenihan v. City of New York,* 640 F.Supp. 822, 826 (S.D.N.Y.1986))).

■ Overall, the itemized entries in Exhibit A contain sufficient details to warrant an award of fees. A majority of the entries contain a clear account of exactly what work Sternick performed. The remaining entries are sufficiently clear to show the general nature of the work, especially when interpreted in the context of the other identified entries. For example, the entries for telephone calls all specify the applicable date, length of time, and recipient of the call. Many of the calls also contain general subject information, such as "General Litigation." Furthermore, the Court notes that the more general entries, such as "telephone calls" and "to do" are for short periods of time and do not make up a significant portion of the hours covered in Exhibit A. The Court will not, however, award attorney's fees for one entry. On the second page of Exhibit A, there is an entry dated May 29, 2000, for a total of .05 hours, described only as "miscellaneous." This is an insufficient description, and the Court will subtract this .05 hours from the total hours in Exhibit A.

■ Defendants also object that Plaintiff's entries contain commingled activities. After reviewing the entries, the Court concludes that such entries are valid. While entries containing commingled activities are objectionable if they "impede[ ] the court's efforts to evaluate the reasonableness of any of the listed activities," *Soler,* 801 F.Supp. at 1061, the Court does not find Sternick's entries problematic. In each entry, the work is clearly defined and reasonable and, therefore, worthy of compensation. The exact proportions the attorney spent on the two or more tasks is not crucial if all of the tasks merit compensation. Again, the Court notes that the entries containing commingled activities are a small percentage of the overall entries contained in Exhibit A.

Accordingly, Plaintiff is entitled to recovery for 161.25 hours of work listed in Exhibit A.[13]

*B. Sternick's Hours Between September 18, 1997 and December 16, 1998, Contemporaneously Recorded*

The second category consists of the hours worked by attorney Sternick between the dates of September 18, 1997 and December 16, 1998, which he contempora-

---

**13.** 161.25 hours = (total requested 161.3)— (May 29, 2000 entry for .05 miscellaneous)

neously recorded on his personal computer using WordPerfect time sheets. (Pl.'s Mot. for Fees, Sternick Aff. ¶ 6.) The total amount of hours in this category is 18.75. Defendants again object to the entries contained in this category on the grounds that they are not adequately described and that they contain commingled activities.

Defendants' objections are meritless. The entries contain a sufficiently detailed description to identify the subject matter of each. In each instance, Plaintiff has clearly identified the nature of the work for each entry. In addition, the entries do not contain commingled activities that thwart the Court's efforts to identify the reasonableness of the activities. In each entry, all of the activities may be compensated, and the time spent on each activity within a single entry is specified.

Accordingly, Plaintiff is entitled to recovery for all of the 18.75 hours of work listed in Exhibit B.

### C. Sternick's Hours Between November 27, 1996 and September 18, 1997, Reconstructed

█ The third category consists of the hours worked by attorney Sternick between the dates of November 27, 1996 and September 18, 1997, which he reconstructed from his files. (Pl.'s Mot. for Fees, Sternick Aff. ¶ 7.) According to Sternick, his contemporaneously recorded records for that time period were maintained on a computer hard drive that has since malfunctioned, preventing him from accessing those records. (Id.) Sternick reconstructed the submitted hours based on his files, through which he came to the submitted estimate, which he described as conservative. (Id.) The total amount of hours in this category is 64.5. Defendants object to the entries contained in this category on the ground that there is no way to determine how Sternick arrived at these estimates. Defendants also object that the entries contain commingled activities with no daily narratives.

The general rule in attorney's fee applications is that attorneys must contemporaneously record the hours worked to merit an award. "[A]ny attorney ... who applies for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983). The Second Circuit has held, however, that lists of hours worked that are constructed from contemporaneous records are also acceptable. *See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir.1994).

In this case, Plaintiff reconstructed the hours itemized in Exhibit C from his case files for the relevant time period. (Pl.'s Mot. for Fees, Sternick Aff. ¶ 7.) Although not reconstructed from contemporaneous records listing the amount of time worked on each item, Sternick based the figures on the activities and documents contained in his file for that time period. Because each entry is thoroughly explained and reasonable, and because Sternick did contemporaneously record the number of hours worked and lacks those recordings through no fault of his own, the Court accepts Sternick's representations and awards recovery for all of the 64.5 hours of work listed in Exhibit C.

### D. Dusek's Hours Between 1991 and 1997

█ The fourth category consists of all the work done by attorney Dusek during his involvement in the case, encompassing a variety of dates from September 25, 1991 through February 3, 1997.[14] (Pl.'s Mot.

---

14. Dusek was the original attorney on Plain-    tiff's case. Sternick took over the case after

for Fees, Sternick Aff. ¶ 8.) Dusek recorded these hours on his personal computer, and the records were provided to Plaintiff through Dusek's estate. (*Id.*) Sternick's affidavit does not state how Dusek arrived at the hours, nor does it indicate whether the hours were contemporaneously recorded. The total amount of hours in this category is 195.33.[15] Defendants object to the entries contained in this category on the grounds that they lack sufficient descriptions, they commingle activities, and they include time devoted to unsuccessful claims. Defendants request that the Court reduce Dusek's hours by 50% to account for the time spent on unsuccessful claims.

Although Plaintiff does not know how Dusek arrived at the records, the detail and specificity, as well as the format, suggest that the hours were contemporaneously recorded or, at the very least, compiled based on records that were contemporaneously recorded. The descriptions of the itemized entries are sufficiently detailed to show the Court the general substance of the work conducted by Dusek. In addition, the Court does not find many instances of commingled activities. Where activities are commingled, each activity may be compensated, and so the Court will not reduce the hours worked on either of these grounds.

Although the descriptions of the entries are sufficient, the Court distinguishes three entries as worthy of a different level compensation. The first is on page A of Exhibit D, dated "10/15 to 11/16" of 1993, for .75 hours, and described as "Paralegal LDD review of file." Because work performed by a paralegal does not merit compensation at the same rate as work performed by an attorney, this entry will receive 50% of the hourly rate awarded for hours in Exhibit D.[16] The second entry is on page 1 of Exhibit D, dated "01/03" of 1992, for 2.45 hours, and described as "Travel, lunch and conference w/ LNW." Time spent at meals should not be compensated at the same rate as other work. Because Dusek did not indicate the time spent on meal, this entry will also receive 50% of the hourly rate awarded for hours in Exhibit D. The last entry is on page 9 of Exhibit D, dated "10/04" of 1993, for 1.25 hours, and described as "Review, assemble, letter to Judge, post office mailing, delivery to court by paralegal." As with the first entry, work performed by a paralegal does not merit compensation at the same rate as work performed by an attorney, and so this entry will also receive 50% of the hourly rate awarded for hours in Exhibit D.

Defendants are correct that some of the hours worked by Dusek were spent on unsuccessful claims. Plaintiff was successful in his RICO and FLSA claims against Defendants. Plaintiff was not successful in his state and common law claims or his Labor Management Relations Act claim against Defendants. However, Defendants are incorrect in their argument that Plaintiff's attorney is not entitled to any recovery for fees for time spent on unsuccessful claims. Rather, the rule is that an attorney is entitled to recovery for time spent on the successful claims and the intertwined unsuccessful claims. *See Hensley v. Eckerhart,* 461 U.S. 424, 438–40, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (holding that plaintiffs may recover for

Dusek experienced health problems resulting in his eventual death.

**15.** Plaintiff lists the total number of hours as 178.1; however, the correct total, based on Plaintiff's own figures, is 195.33.

**16.** The rate of compensation is discussed in the following subsection, "E. Applicable Hourly Rates."

unsuccessful claims when the facts and legal theories are interrelated with the successful claims); *Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir.1987) (holding that plaintiff is entitled to attorney fees for his successful FLSA claim and noting that "[t]his recovery extends to time spent on non-FLSA issues to the extent that those issues interrelate and overlap with FLSA ones.").

In this case, the facts giving rise to all of Plaintiff's claims, successful and unsuccessful, are the same. It was the Defendants' employment of Plaintiff, the conditions of that employment, the amount of hours Plaintiff worked, the wages Defendants paid Plaintiff, and the wages to which Plaintiff was entitled, that formed the basis for all of Plaintiff's claims. Because Plaintiff's various claims involved a "common core of facts" that were inescapably intertwined, *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933, Plaintiff is entitled to recover fees for time spent on all of the claims, even the minor amount of time spent on the unsuccessful claims.

Accordingly, Plaintiff is entitled to recovery for all of the 195.33 hours of work listed in Exhibit D. Of the 195.33 hours, 4.45 [17] will be compensated at 50% of the rate of the remaining 190.88 hours.

## E. Applicable Hourly Rates

Sternick requests that all of the hours worked on Plaintiff's case, regardless of whether they were performed by Dusek or Sternick, be compensated at the rate of $250 per hour. Sternick argues that this is his standard hourly rate and that it is a proper rate, based on the nature and difficulty of this case. Defendants object to the requested rate of $250 per hour as being unreasonably high. In support of their argument, Defendants claim: (1) some entries, such as travel and paraprofessional tasks, are not worthy of the full

rate of compensation; (2) neither attorney was familiar with the relevant areas of law and, therefore, they should not be compensated the full amount for time spent conducting basic or background research; and (2) Dusek's papers reflect an average rate of only $150 per hour.

Where attorney fees are authorized by statute, as is the case here, attorneys are entitled to receive an hourly rate that is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Batt v. Micro Warehouse Inc.*, 241 F.3d 891, 893–94 (7th Cir. 2001). Reasonableness is determined by looking to the standard market rate in the applicable community. "A reasonable hourly rate should reflect the market rate for the attorney's services; the market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Batt*, 241 F.3d at 894 (internal quotations and citations omitted); *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (noting that the requested rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). "The relevant community for rate-setting purposes is the judicial district in which the trial court sits." *Soler v. G & U, Inc.*, 801 F.Supp. 1056, 1065 (S.D.N.Y.1992). To determine a reasonable rate, attorneys do not need to file affidavits from fellow attorneys to establish the reasonable rate for their area of practice. "A court may rely on its own knowledge of hourly rates in the community or may consider awards made in other cases." *Envirosource, Inc. v. Horsehead Res. Dev. Co.*, 981 F.Supp. 876, 881 (S.D.N.Y.1998); *Cruz* 34 F.3d at 1160.

Based on this Court's experience and knowledge of lawyers in the Southern Dis-

---

**17.** 4.45 hours = (.75 hours from p.A) + (2.45 hours from p. 1) + (1.25 hours from p. 9)

trict, this Court finds that the requested hourly rate of $250 is slightly high for the experience level of the two attorneys involved in this case. A more reasonable rate $225 per hour for Sternick's work and $200 per hour for Dusek's work.[18] Although both attorneys adequately performed their jobs, Sternick displayed a bit more experience and skill, and this is reflected in the ultimate success of the case. For this reason, Sternick deserves a higher rate of compensation.

Furthermore, the Court is not inclined to reduce the rate, in whole or in part, for any of the reasons raised by Defendants. Even though neither attorney was an expert in this area, both attorneys displayed competence, and they are entitled to be compensated for their time, even if some of that time was spent on basic research. *See New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983) (noting that counsel are not "forbidden from receiving fees for background research"). In addition, it is not unreasonable for attorneys to be compensated for some non-legal tasks, including travel time and basic office work. *See Calderon v. Witvoet,* 112 F.3d 275, 276 (7th Cir.1997) (holding that travel and related expenses are reimbursable as attorney's fees); *Cruz,* 34 F.3d at 1161 (noting that attorneys can be compensated for travel time); *Soler,* 801 F.Supp. at 1063 (holding that it is not unreasonable for attorneys to perform non-legal tasks, such

as traveling, telephone calls, photocopying, and mailing and, therefore, they may include such time in an application for fees). Finally, because an attorney's time spent preparing an application for attorney's fees is compensable, *see Carey,* 711 F.2d at 1148, the Court will add four hours onto Plaintiff's total, as requested by Sternick, for the preparation of Plaintiff's fees application. (Pl's Mot. for Fees, Sternick Aff. ¶ 11.)

The total number of hours Plaintiff's attorney will receive compensation for is 443.83.[19] Of that figure, 248.5 is for hours worked by Sternick,[20] which are compensated at the rate of $225 per hour, for a total of $55,912.50.[21] 195.33 hours were worked by Dusek.[22] Of those hours, 190.88 are compensated at the rate of $200 per hour, equaling $38,176, and 4.45 are compensated at 50% of that rate, or $100 per hour, equaling $445, bringing the total compensation for Dusek's hours to $38,621.[23] In total, therefore, Plaintiff are awarded $94,536.50 in attorney's fees.[24]

In addition, Plaintiff is entitled to fees at the rate of $225 per hour for time spent responding to Defendant's motion for reconsideration. Plaintiff will be awarded these additional attorney's fees upon submission of an affidavit stating the applicable hours, which must be done on or before May 1, 2001.

### Conclusion

For the foregoing reasons, Plaintiff's motion to amend his pleadings is granted,

---

**18.** The Court notes that in a 1992 FLSA case, Judge Tenney awarded fees at the rates of $185 per hour and $250 per hour. *Soler,* 801 F.Supp. at 1065–66.

**19.** 443.83 hours = (161.25 hours from Ex. A) + (18.75 hours from Ex. B) + (64.5 hours from Ex. C) + (195 hours from Ex. D) + (4 hours for preparation of fee application)

**20.** 248.5 hours = (161.25 hours from Ex. A) + (18.75 hours from Ex. B) + (64.5 hours

from Ex. C) + (4 hours for preparation of fee application)

**21.** $55,912.50 = (248.5 hours) × ($225 per hour)

**22.** 195.33 hours = 195.33 hours from Ex. D

**23.** $38,621 = [(190.88 hours) × ($200 per hour)] + [(4.45 hours) × ($100 per hour)]

**24.** $94,536.50 = $55.912.50 + $38.621

Defendants' motion for reconsideration is denied, and Plaintiff's motion for attorney's fees is granted.

IT IS SO ORDERED.