NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0131n.06
Filed: March 5, 2008

Case No. 06-2265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEVIN KING, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| STEVEN GOWDY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER and MOORE, Circuit Judges; BUNNING[*], District Judge.

**DAVID L. BUNNING, District Judge.** This appeal arises out of litigation between Kevin King and Steven Gowdy. Plaintiff's counsel, Daniel E. Manville, appeals the district court's order granting in part and denying in part Plaintiff's motion for taxable costs and Plaintiff's motion for costs and related expenses. For the reasons stated herein, we vacate the judgment of the district court and remand for reasons discussed herein.

**I. BACKGROUND**

In 2002, Plaintiff-Appellant Kevin King, a prisoner in the custody of the Michigan

_____

[*]The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

Department of Corrections (MDOC), filed a civil rights action pursuant to 42 U.S.C. § 1983, which alleged that Defendant-Appellee Steven Gowdy retaliated against him for exercising his First Amendment right to file grievances. J.A. at 18.[1] Although Plaintiff filed this lawsuit *pro se*, Daniel E. Manville was appointed as counsel by the district court. The jury returned a verdict for Plaintiff, awarding him $416.00 in compensatory damages and $2,080.00 in punitive damages for a total of $2,496.00. J.A. at 31-33. On January 4, 2006, the $2,496.00 jury award was paid to Plaintiff. In addition, $3,744.00, which amounts to 150% of the judgment, was paid to Plaintiff's counsel as attorney fees pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(d).

Post-verdict, Plaintiff filed a motion for costs and related expenses pursuant to 42 U.S.C. § 1988, requesting that the district court enter an order granting costs and expenses in the amount of $5,593.44. J.A. at 34-41. Manville's motion provided the following itemized list of costs and expenses:

1.  Travel:
    a.  For depositions: 5 trips to Adrian and back
        144 miles x 5 = 720 miles x $.40 = $288
    b.  To visit Client at Cotton Prison and back
        148 x 4 = 592 miles x $.40 = $236.80
    c.  To visit Client at Macomb Prison and back
        68 x 8 = 544 miles x $.40 = $217.60
    d.  To visit with witnesses
        Adrian: 144 x 3 = 432 miles x $.40 = $57.60
        Newberry: 360 x 2 = 720 x $.40 = $286.00
2.  Subpoenas: 5 for trial at $118.16: $590.80 total
3.  Meals for depositions and trial: $72.08
4.  Parking: $90.00
5.  Telephone: $100.00
6.  Postage: $120.00
7.  Records of witness El-Hourani: $76.23

---

[1]The Complaint specifies that Defendant retaliated against Plaintiff for filing grievances against him and for assisting others in filing grievances against him. J.A. at 18.

8.      Photocopying 3,000 pages at $.25: $750.00
9.      Filing Fee: $150.00
10.     Graphic Copying (11/4/05): $300.00
        Graphic Copying (3/05): $225.00
11.     Depositions: $2,033.38
        TOTAL: $5,593.49

J.A. at 41.[2] Plaintiff also filed a motion for taxable costs pursuant to Federal Rule of Civil Procedure

54(d)(1) in the amount of $659.57, representing the costs of the filing fee and the mileage and

attendance of the court reporter at depositions. J.A. at 47-51. In response, Defendant argued that

the expenses Plaintiff seeks relating to his attorney's travel, attorney's meals for depositions and

trial, parking, telephone, postage, photocopying, and Graphic copying are not reimbursable as 'costs'

pursuant to Rule 54, E.D. Mich. L.R. 54.1, or 28 U.S.C. § 1920 but, rather, are included as a

component of 42 U.S.C. § 1988 attorney fees. J.A. at 64.

A hearing concerning Plaintiff's motions was held on July 26, 2006. J.A. at 75-83. On

August 4, the district court issued an order which granted in part and denied in part Plaintiff's motion

for taxable costs and Plaintiff's motion for costs and related expenses. J.A. at 74. Rather than

explicitly setting forth its reasoning, the district court's order stated that its conclusion was based on

"the reasons stated on the record, and in accordance with the terms stated on the record." J.A. at 74.

The hearing transcript indicates that the district court found that recovery of the at-issue expenses

was limited by the PLRA's 150% monetary judgment cap. J.A. at 78. The district court did find that

Plaintiff was entitled to taxable costs in the amount of $622.64 ($150.00 for Plaintiff's filing fee and

$472.64 for trial subpoenas). J.A. at 83. Plaintiff filed a Notice of Appeal of the partial denial of

---

[2]Plaintiff recognized that, if the cost of the filing fee and costs related to the attendance and mileage of the court reporter for depositions were granted by way of Plaintiff's motion to tax costs, the total would be reduced by these amounts. J.A. at 41.

Plaintiff's request for related expenses. J.A. at 84.

## II. ANALYSIS

Pursuant to Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Costs recoverable under Rule 54(d) are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Section 1920 provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In awarding costs, the district court looks at whether the expense is an allowable cost item under the statute and, if so, that the amount is reasonable and necessary. *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). District courts may not award costs not authorized by the statute. *Crawford Fitting*, 482 U.S. at 441.

The district court is in a unique position to assess which costs were necessarily incurred in this case. Based on the current record, we are unable to determine whether the requested items were reasonably necessary and, thus, recoverable. Therefore, on remand, the district court shall determine

4

which costs are recoverable under § 1920 and which are not.[3]  For example, copying expenses are taxable as costs pursuant to § 1920 if "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  The district court should make a determination as to whether or not the photocopying in this case satisfies this requirement.  The graphic copying expenses sought by Plaintiff should be analyzed in a similar fashion.  However, without more information as to what this graphic copying entailed, this Court lacks sufficient information to review the district court's decision.

Deposition expenses are generally taxed as costs under § 1920.  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) ("[S]ubsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions.").  However, this Court lacks the information required to assess whether these depositions were necessary and exactly what types of costs associated with the depositions are being requested.  Similarly, the recovery of travel and subsistence expenses will turn on factors such as whether the costs were incurred by the attorney or for a witness.  *See id*. at 122 ("Federal courts may secure payment of expenses incurred by a non-party witness under 28 U.S.C. § 1821(c)(4), which provides that '[a]ll normal travel expenses' of a witness 'shall be taxable as costs pursuant to section 1920 of this title.'  This provision does not relate to travel expenses of parties."); *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (holding that outlays for travel and related expenses by attorneys and paralegals may not be reimbursed as costs, as they are not listed in § 1920).  Other items, such as telephone and postage expenses, are not taxable as costs pursuant to § 1920.  *See Northcross v. Bd. of Ed. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979) (concluding that telephone expenses are not recoverable

---

[3]Although Plaintiff moved for recovery of the at-issue expenses pursuant to § 1988, the Court finds that the requested items are arguably recoverable pursuant to § 1920.

pursuant to § 1920); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (holding that postage expenses are "clearly nonrecoverable" under § 1920). On remand, the district court should examine each requested expense in accordance with this opinion, applicable case law, and the dictates of § 1920.[4]

### III. CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings in accordance with this opinion.

\\ca6cin4\unpub\Published\08a0131n-06.txt

---

[4]Plaintiff has moved for the recovery of the at-issue expenses under § 1988, arguing that § 1988 expenses are not included as a component of attorney fees for purposes of the PLRA's 150% monetary judgment cap. However, in light of the remand to the district court for a determination of whether the at-issue expenses can be taxed as costs pursuant to § 1920, we will leave this issue for another day.