SILER, Circuit Judge.
Following a favorable jury verdict in his Family and Medical Leave Act (FMLA) case against defendant Prefix, Ineorporated, plaintiff Jonathan Bell appeals the district court’s partial grant and partial denial of his request for attorneys’ fees and motion for costs and expenses. Additionally, Bell appeals the district court’s denial of his motion for sanctions and seeks a remand for determination of “fees for fees” based on his efforts to secure the correct attorneys’ fees, costs, and expenses. For the following reasons, we AFFIRM the district court’s judgment.
I.
In 2005, Bell filed the instant action against Prefix, alleging violations of the FMLA as well as retaliation and wrongful discharge under state law. Prefix filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment. The motion was denied. Then Prefix moved for summary judgment and the district court granted Prefix’s motion. On appeal, we reversed.
On remand, Prefix moved again for summary judgment, this time challenging Bell’s state-law claims. Bell moved for default judgment as to liability based on Prefix’s failure to answer the complaint. The district court denied this motion and allowed Prefix to file its answer with affirmative defenses. Later, the district court granted the defendant’s motion for summary judgment as to Count III of the complaint and damages for emotional distress.
Bell then filed a motion to strike defendant’s affirmative defenses with prejudice and to impose sanctions for frivolous and vexatious pleading. Prefix agreed to withdraw two of its affirmative defenses in response. The district court determined that sanctions were not warranted and re *500 fused to strike any of the remaining affirmative defenses.
In 2009, at trial, the jury returned a verdict in favor of Bell and awarded him $14,563.00 in damages. The next month, Bell moved under Rule 54(d) and 29 U.S.C. § 2617(a)(3) for attorneys’ fees and costs in the amount of $512,953.43. Bell requested, in the alternative, that the court grant his motion for sanctions pursuant to Rule 11 or section 1927, seeking a reconsideration of the court’s earlier ruling. The district court partially granted and partially denied the motion and ordered Bell to tender documentation of his reasonable costs. As to attorneys’ fees, the court awarded $101,600 for 508 hours of work at $200 per hour to Bell’s counsel. However, the district court found Bell’s original requests for costs to be improper and ordered him to prepare a revised bill consistent with King v. Gowdy, 268 Fed.Appx. 389 (6th Cir.2008), and 28 U.S.C. § 1920. The court again denied Bell’s request for sanctions.
Bell tendered a bill of costs for $30,060.68. Prefix objected to the request and asked the court to reduce the total bill of costs to $1,170. The district court partially granted and partially denied Bell’s request, ultimately awarding $3,171.52.
II.
We review a district court’s award of attorney fees under the abuse-of-discretion standard. Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 551 (6th Cir.2008). We review associated factual findings under the clear-error standard. Armisted v. State Farm Mut. Auto. Ins. Co., 675 F.3d 989, 998 (6th Cir.2012). Bell argues that the court failed to apply the correct standard as set forth in Perdue v. Kenny A., 559 U.S. 542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010); violated the Due Process Clause by reducing the attorneys’ fees by 80% without a hearing; and made and relied on clearly erroneous findings of fact by contradicting uncontroverted affidavits.
A.
As to the standard, the district court did not abuse its discretion. Bell contends that the Supreme Court’s Perdue decision specifically rejected any application of a test set out in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). Indeed, in holding that the lodestar amount properly accounts for exceptional attorney performance in most circumstances, the Supreme Court observed that the Johnson test provided limited guidance to district courts and could lead to arbitrary results. However, before applying the twelve-factor Johnson test in this circuit, we evaluate attorneys’ fees by calculating the lodestar amount — “multiplying the reasonable number of hours billed by a reasonable billing rate.” Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir.1999). Then, the court may adjust the lodestar amount based on the twelve factors of the Johnson test. Id. The Supreme Court made no comment about such supplemental reliance on the Johnson test and instead simply emphasized that the lodestar amount constitutes the best available mechanism for calculating attorneys’ fees.
In the instant action, the district court repeatedly emphasized the lodestar amount by focusing its calculations on ascertaining a reasonable fee and a reasonable number of hours billed. It thus evaluated attorneys’ fees in accordance with Sixth Circuit precedent not contradicted by Perdue. Therefore, we find no abuse of discretion.
B.
Bell asserts a property interest in a more robust awarding of attorneys’ fees *501 and contends no individual can be deprived of such an interest without a hearing under the Due Process Clause. Both legally and factually, Bell’s argument lacks merit.
Legally, as the Supreme Court has observed, “[a] request for attorney’s fees should not result in a second major litigation.” Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Bell relies on Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and courts have cited Mathews beyond its disability benefits focus, including in the context of attorneys’ fees, to delineate when “some form of hearing” may be required. See, e.g., Rein v. Socialist People’s Libyan Arab Jamahiriya, 568 F.3d 345, 354-55 (2d Cir.2009) (addressing disposition of contractually negotiated attorneys’ fees); In re Hancock, 192 F.3d 1083, 1085-86 (7th Cir.1999) (evaluating allegations of lack of notice and opportunity for hearing). However, those courts did not require an evidentiary hearing. See Rein, 568 F.3d at 354; In re Hancock, 192 F.3d at 1086. Ultimately, parties must have had notice of opposing arguments and an opportunity to present their side of the story, not necessarily an evidentiary hearing. Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 279 (3d Cir.1999); G.J.B. & Associates v. Singleton, 913 F.2d 824, 830 (10th Cir.1990); Alizadeh v. Safeway Stores, Inc., 910 F.2d 234, 236 (5th Cir.1990).
Factually, Bell’s argument also fails. He made the request for attorneys’ fees, and after a response by Prefix, he had a full and fair opportunity to reply. Moreover, Bell sought to prompt the district court to rule on the request based solely on the briefing already completed.
C.
Finally, the district court did not abuse its discretion by making and relying on clearly erroneous findings of fact. Bell specifically contends that the court should not have relied on a 2007 State Bar of Michigan survey to define the “reasonable rate” of compensation. Additionally, Bell asserts that the district court clearly erred by finding the antagonism and protracted litigation in the case to be the fault of both parties, not just Prefix.
Bell argues that the delay in receipt of attorneys’ fees should have resulted in a more substantial award based on a different “reasonable rate.” However, the district court found that Bell’s attorneys lost at least some of their business by devoting time and attention to the case and incorporated that finding appropriately into its calculus. Bell additionally contends that Prefix should have settled the case promptly after his filing of the complaint, instead of mounting any defense. We find this rather unusual argument to lack merit, where both parties aggressively litigated their positions.
Bell further contends that the district court clearly erred by finding that both parties bore responsibility for the antagonistic and protracted nature of the litigation. However, the record establishes that Bell advocated antagonistically and that, contrary to his assertions, such antagonism was not always linked to inappropriate actions by Prefix or requirements of the district court. The district court did not clearly err in finding both parties responsible for the antagonism and resulting protracted litigation.
III.
Bell appeals from the district court’s order finding that he raised no new arguments for the imposition of sanctions and denying to impose any. We review the denial of such a motion under the abuse-of-discretion standard. See Gonzales v. Tex *502 aco, Inc., 344 Fed.Appx. 304, 306 (9th Cir.2009); Brubaker Kitchens, Inc. v. Brown, 280 Fed.Appx. 174, 184 (3d Cir.2008); Swoopes v. Mayhue, 57 F.3d 1070, at *1 (6th Cir.1995) (table). Bell simply contends that Prefix’s post-remand conduct in the case has not been objectively reasonable, including pleading improperly grounded defenses. Because Bell made the same arguments previously, asserting Prefix’s defenses to be improper, the motion for reconsideration offered no new basis for imposing sanctions against Prefix. The district court properly came to this conclusion.
IV.
Bell argues that the district court abused its discretion by failing to apply the correct standard to award reasonable out-of-pocket expenses allowable under the FMLA. He asserts that costs and expenses available to the prevailing party in an FMLA action should not be limited by Rule 54(d) or 28 U.S.C. § 1920 and seeks a remand for a proper determination of his costs and expenses under the correct standard.
We review denial of costs and expenses under the abuse-of-discretion standard. Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 836 (6th Cir.2005). A district court acts within its discretion in denying “the shifting of costs when the prevailing party’s expenditures are unreasonably large, when the prevailing party prolonged the litigation or injected unmeritorious issues, in eases that are close and difficult, and where ‘the prevailing party’s recovery is so insignificant that the judgment amounts to a victory for the defendant.’ ” Id. (quoting White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir.1986) (internal quotation marks omitted)). However, the FMLA provides that “[t]he court shall, in addition to any judgment awarded to the plaintiff, allow ... other costs of the action to be paid by the defendant.” 29 U.S.C. § 2617(a)(3).
Neither the Supreme Court nor circuit courts have addressed whether Rule 54(d) and section 1920 limit the FMLA’s “other costs” language, but district courts have consistently applied the rule and statute in making cost awards to prevailing parties in FMLA cases. See, e.g., Lenon v. Starbucks Corp., No. 3:11-CV-1085-BR, 2012 WL 1377042, at *2, 7 (D.Or. Apr. 19, 2012) (slip copy); Garcia v. Renaissance Global Logistics, LLC, No. 10-13122, 2012 WL 1130543, at *5 (E.D.Mich. Apr. 4, 2012) (slip copy); DuChateau v. Camp Dresser & McKee, Inc., No. 10-60712-CIV, 2012 WL 1069166, at *1-3 (S.D.Fla. Mar. 29, 2012) (slip copy). None of the three cases cited by Bell suggests a different result under the FMLA “other costs” statutory language and the facts of the instant case. See Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 969 (10th Cir.2002); Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir.1988); Reichman v. Bonsignore, Brignati & Mazzotta P. C, 818 F.2d 278, 283 (2d Cir.1987). In point of fact, only one of the three cases relied on by Bell even involves an FMLA claim.
In Smith, upon which Bell heavily relies, the Tenth Circuit addressed an argument that the FMLA’s “other costs” language should be considered analogous to the costs provision of the Fair Labor Standards Act (FLSA). Smith, 298 F.3d at 968-69. Specifically, Smith contended that FMLA costs may extend beyond the proscriptions of Rule 54(d) and section 1920, but the defendant argued the costs sought to be merely overhead expenses typically absorbed by law firms and thus not reimbursable. Id. That court never reached the ultimate issue of statutory interpretation because Smith failed to detail the out-of-pocket expenses at issue in any way, *503 much less as separate from the usual overhead expenses absorbed by law firms. Id. at 969. Instead, the court held that, upon general remand for recalculation of attorneys’ fees and costs, the district court should again deny the sought out-of-pocket expenses. Id. The instant case reflects the same conceptual problems, so Smith counsels affirming the district court’s judgment, rather than reversing. Here, Prefix contended that Bell’s “other costs” mostly constituted typical overhead expenses and should be denied. The district court agreed, finding the reimbursable costs to be those permitted under section 1920, and ordered Bell to submit a revised bill of costs. Reviewing the revised submission, the district court discovered that Bell failed to revise most of the costs requests as directed, but the court still granted some of the overall costs sought. Such a decision is consistent with Smith.
V.
Finally, Bell seeks a remand for determination of post-trial attorneys’ fees, costs, and expenses, including litigation of post-judgment motions before the district court and the instant appeals. He argues that the fees, costs, and expenses should be awarded as under a “fees for fees” logic. However, the record reflects no “fees for fees” request by Bell before the district court. Without a decision from the district court, we have no jurisdiction to evaluate any part of the “fees for fees” request associated with trial-court advocacy. See 28 U.S.C. § 1291. Additionally, because we affirm the district court in all respects, Federal Rule of Appellate Procedure 39 presupposes no award of costs to Bell. See Fed. R.App. P. 39(a)(1).
AFFIRMED.